UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 1:21-cr-00138-JRS-TAB-1 |
| MATTHEW HOSTETLER, | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Zachary Myers, United States Attorney for the

Southern District of Indiana, and, Bradley P. Shepard, Assistant United States Attorney ("the

Government"), and the defendant, MATTHEW HOSTETLER ("the defendant"), in person and

by counsel, William H. Dazey, Jr., hereby inform the Court that a Plea Agreement has been

reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following

are its terms and conditions:

### Part 1: Guilty Plea and Charge(s)

**1.** **Plea of Guilty:** The defendant petitions the Court for leave to enter and agrees to

enter a plea of guilty to the following offense(s) charged in the Indictment:

    **a.** Count(s) One, which charge(s) that the defendant committed the offense

of Sexual Exploitation of a Minor, in violation of Title 18, United States Code, Section(s)

2251(a).

**2.** **Dismissal of Counts:** Following imposition of sentence, the government will

move to dismiss Counts Two - Four of the Indictment.

**3.**     **Potential Maximum Penalties**:  Count One is punishable by a minimum sentence of 15 years and a maximum sentence of 30 years' imprisonment, a $250,000 fine, and up to a lifetime of supervised release following any term of imprisonment.

**4.**     **Elements of the Offense:**  To sustain the offense(s) to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

(i).     At the time, the person identified in the particular count of the Indictment was under the age of eighteen years; and

(ii).     The defendant, for the purpose of producing a visual depiction of such conduct used the person identified in the Indictment to take part in sexually explicit conduct; and

(iii).     The visual depiction was produced using materials that had been mailed, shipped, transported across state lines or in foreign commerce.

### Part 2:  General Provisions

**5.**     **Sentencing Court's Discretion Within Statutory Range:**  The defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range(s) set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range(s); (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range(s); (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (H) by  pleading "Guilty," the Court

2

may impose the same punishment as if the defendant had plead "Not Guilty," had stood trial and been convicted by a jury.

**6.     Sentencing Court Not Bound by Guidelines or Recommendations:** The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the defendant's sentence is within the discretion of the Court. The defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

**7.     Plea Agreement Based on Information Presently Known:** The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

The Government will inform the Court and the defendant at the time of taking the defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant  bringing other federal charges against the defendant.

**8.     No Protection From Prosecution for Unknown or Subsequent Offenses:** The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The defendant further acknowledges and agrees that nothing in this agreement shall protect the

3

defendant in any way from prosecution for any offense committed after the date of this agreement.

9.     **Rights Under Rule 11(b), Fed. R. Crim. P.:**  The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy.  The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.  The defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court.  The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

### Part 3:  Sentence of Imprisonment

10.     **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):**  The parties have **not** agreed upon a specific sentence.  The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

> a.     **Government's Recommendation:**   The Government has agreed to recommend a sentence within the advisory guideline range determined by the Court, provided that the defendant (i) continues to fully accept

---

[1]Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

responsibility for the offense, (ii) does not commit a new criminal offense before the date of any sentencing, and (iii) does not otherwise violate the terms of any pre-trial release before the date of sentencing.

    **b.**   **Defendant's Recommendation:**  The defendant understands that he may recommend any sentence authorized by statute.

**11.**   **Supervised Release:**  Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

**Part 4:  Monetary Provisions and Forfeiture**

**12.**   **Mandatory Special Assessment:**  The defendant will pay a total of $100 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

**13.**   **Fine:**  The parties do not recommend a fine.

**14.**   **Restitution:**  The parties understand that restitution is mandatory and will inform the Court of the restitution amount at sentencing.

    **a.**   The defendant agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the defendant's financial circumstances change.  In that event, and consistent with its statutory obligations, the Government may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

**15.**   **Obligation to Pay Financial Component of Sentence**:  If the defendant is

5

unable to pay any financial component of the defendant's sentence on the date of sentencing,
then the defendant agrees that the payment of the financial component should be a condition of
supervised release. The defendant has a continuing obligation to pay the financial component of
the sentence. The defendant further agrees that as of the date of filing this Plea Agreement the
defendant will provide all requested financial information, including privacy waivers, consents,
and releases requested by the Government to access records to verify the defendant's financial
disclosures, to the Government for use in the collection of any fines, restitution, and money
judgments imposed by the Court and authorizes the Government to obtain credit reports relating
to the defendant for use in the collection of any fines and restitution, and money judgments
imposed by the Court. The defendant also authorizes the Government to inspect and copy all
financial documents and information held by the United States Probation Office. If the
defendant is ever incarcerated in connection with this case, the defendant may participate in the
Bureau of Prisons Inmate Financial Responsibility Program.

**16.** Defendant understands that any forfeiture order entered by the court is mandatory
and is a part of defendant's sentence. Defendant stipulates and agrees to the immediate entry of
a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2),
against Defendant, directly forfeiting each of the following property items, which the parties
stipulate and agree:

> (1) constitute property items that Defendant used or intended to be used to
> commit or to facilitate the commission of the offense of conviction and are
> therefore forfeitable under (facilitating property statute):

> All electronic devices seized in this investigation.

**17.** Defendant agrees not to oppose, and to withdraw any previously filed opposition
to, any administrative or judicial forfeiture action related to the conduct described in the

Indictment/Information filed in this case. Defendant waives any right to receive any notices or pleadings filed in any forfeiture action related to the conduct described in the Indictment/Information and agrees that a default or final judgment of forfeiture may be entered against Defendant's interest without further notice to Defendant or Defendant's attorney.

**18.** Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the Indictment/Information, announcement of the forfeiture at sentencing, and incorporation of the forfeiture into the judgment. Defendant waives all rights to any further notice or right to participate in any ancillary proceeding or any other proceeding pertaining to this forfeiture. Defendant waives the right to be informed of any potential forfeiture at the time Defendant's guilty plea is accepted, pursuant to Rule 11(b)(1)(J).

**19.** This Court shall retain jurisdiction to settle any disputes arising from application of this cause. Defendant agrees that forfeiture of substitute assets, as authorized in this Plea Agreement and by 21 U.S.C. § 853(p), shall not be deemed an alteration of Defendant's sentence and that forfeiture of the assets described above shall not be treated as satisfaction of any restitution, fine, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture.

**20.** Defendant hereby waives any and all constitutional and statutory challenges he could raise on any ground and in any manner (including by direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement, including any argument that the forfeiture constitutes an excessive fine or punishment.

**21. Abandonment**: If any of the property is not forfeited, the Defendant abandons all right, title, and interest the Defendant may have in the property so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies

7

involved in the investigation of the Defendant's criminal activity, without further notice or obligation whatsoever owing to the Defendant. The Defendant consents to the vesting of title to the listed property to the United States, pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1. Defendant waives any right to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take to carry out the abandonment, disposition, and/or destruction of the property. Defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the listed property. Defendant further agrees to hold the United States of America, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of the listed property.

## Part 5:  Factual Basis for Guilty Plea

**22.**    The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea(s) of guilty to the offense(s) set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial.  The following information is only a summary of the Government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the Government reserves the right to present additional evidence at the time of sentencing.

(a).    Beginning on or about January 16, 2020, an online undercover law enforcement officer (OCE) with the Winnebago County, WI Sheriff's Department began a proactive undercover investigation utilizing Kik messenger posing as a 34-year-old female from Wisconsin. The OCE entered multiple public groups which appeared to be created for individuals interested in child sexual abuse material, one of which was called "Young H/urt".

8

From this group, the OCE was added to multiple other private groups within Kik that had members openly engaging in the distribution of child sexual abuse material.

(b).     One of these groups was named "Tweens" and in that group the user "WARRIORHEART1997" was a member. "Tweens" was a chat group which has been established as a child sexual abuse material sharing group on Kik Messenger. Over the course of time spent within this group multiple images and videos of child sexual abuse material have been shared with members of the group.

(c).     Within this group, WARRIORHEART1997 would have had access to multiple images and videos of child sexual abuse material as a member of the group. WARRIORHEART1997 has also sent child sexual abuse material in this group as detailed below.

(d).     On March 25, 2021, WARRIORHEART1997 sent a video that depicts what appears to be a nude prepubescent female approximately 8 to 10 years old undressing. The prepubescent female's vagina is exposed. The prepubescent female then turns around, bends over, and exposes her anus and vagina to the camera. She then begins to touch her vagina, which the video zooms in on.  Later examination of HOSTETLER's phone revealed that this video is file Snapchat-1707525993.mp4 with a creation date of  Wednesday, March 24, 2021, 8:17:32 PM.

(e).     WARRIORHEART1997 sent an image of a prepubescent female approximately 9 to 12 years old lying on her back spreading open her vagina with her fingers. The image appeared to have originated from Snapchat. WARRIORHEART1997 went on to say "she is my Goldmine", "11 years old", "lots of patience and being good to her", "people really need to stop asking me for her snap though. I am not having her disappear because some idiot spooks her like

9

a damn deer. Just be grateful I share what I get. Come on guys." Later examination of HOSTETLER's phone revealed that this image is file Snapchat-1203655174.jpg with a date of Wednesday, March 24, 2021, 8:17:30 p.m.

(f).   WARRIORHEART1997 sent another image of what appeared to be the same prepubescent female this time wearing both top and bottom standing in front of what appears to be a shower. The user then sent another image which depicted a close up of a prepubescent female's vagina being spread open by two fingers. Later examination of HOSTETLER's phone revealed that this image is file Snapchat-1667656000.jpg with a date of Wednesday, March 24, 2021, 8:17:24 p.m.

(g).   Another user in the group asked if WARRIORHEART1997 had ever met the prepubescent female to which WARRIORHEART1997 replied "no. Too far away and I can't drive". WARRIORHEART1997 then goes on to say, "we play together on video chat sometimes", "an app called anonychat it was pure luck. There is barely any girls on it. Finding her was unbelievable." WARRIORHEART1997 then stated, "it took me two months to get to this point with her", "you gotta be patient and kind and sweet." Later examination of HOSTETLER's phone revealed several screen shots of video chats between the prepubescent female "Lola" and who appears to be HOSTETLER.

(h).   WARRIORHEART1997 then sent another image depicting the same prepubescent female again appearing to originate from Snapchat. This image depicts the prepubescent female nude facing away from the camera with her anus and vagina exposed. WARRIORHEART1997 commented on this image immediately stating, "this is the reward for taking your time and building trust". WARRIORHEART1997 explained "she's in love with me. She literally jumps to do what I ask". WARRIORHEART1997 sent a screen capture of a

10

Snapchat correspondence between WARRIORHEART1997 and another user; however, the
names had been redacted. Within the Snapchat conversation one of the users states "so baby
could you send a vid pulling down your pants showing your ass? Horny me. lol".
WARRIORHEART1997 then states "like I said. She's my Goldmine". When asked,
WARRIORHEART1997 informed the group that the correspondence has been taking place on
Snapchat. Later examination of HOSTETLER's phone did not locate the image on
HOSTETLER's phone that was sent to the chat group by WARRIORHEART1997.

    (i).    The images and videos sent by the prepubescent female identified by
HOSTETLER as "Lola", of who the above-described images all appear to depict, began with the
earliest file creation date of March 7, 2021 and ending April 16, 2021.

    (j).    Investigations revealed the identity of WARRIOR HEART1997 as Matt
HOSTETLER. On April 16, 2021, search warrants were executed, and HOSTETLER was
interviewed. HOSTETLER admitted to being WARRIORHEART1997. HOSTETLER further
admitted to meeting the above minor victim who he knows as "Lola" online. HOSTETLER
identified "Lola" from one of the images described above. He admitted that "Lola" told him that
she was 11 years old and lived in Oklahoma. HOSTETLER further stated that he spent about
two weeks talking to "Lola" before he was able to get her to create the above described images
and send them to him. Many if not all of the above described images, and more, of "Lola" were
located on the HOSTETLER's cell phone. Greensburg is in the Southern District of Indiana,
therefore these images traveled in interstate commerce.

    (k).    "Lola" was identified and located. She is an 11-year-old girl living with her
Grandparents in Oklahoma. She is living with her Grandparents because she was molested by her
step-father and her mother is a drug user.  She met HOSTETLER via the internet.  She told

11

HOSTETLER that she had been abused and that her mother was a drug addict. She told him she lived in Oklahoma with her grandparents and that she was 13-years-old. HOSTETLER told her not to tell her Grandparents she was talking to him or she would get in trouble. She had never sent nude images of herself to anyone before. She stated that HOSTETLER threated her, so she took and sent the first nude image of herself to him. She continued to communicate with him. He threatened her again, and as a result, she took another nude image of herself and sent it to him via Snapchat. HOSTETLER coached her on where to touch herself during the vides and told her to send videos not pictures so he could be sure she was the one in the videos. She took and sent all of the above described images to HOSTETLER because he requested them.

### Part 6:  Other Conditions

**23.**    **Background Information:**  The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence.  The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

**24.**    **Good Behavior Requirement:**  The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case.  If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

**25.**    **Compliance with Federal and State Laws:**  The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

## Part 7:  Sentencing Guideline Stipulations

**26.**     **Guideline Computations:**  Pursuant to Section 6B1.4 of the Sentencing

Guidelines, the parties agree to the Stipulations below.  The parties understand and agree that

these Stipulations are binding on the parties but are only a recommendation to the Court and that

the Court will determine the advisory sentencing guidelines applicable in this case.  The parties

agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the

Sentencing Guidelines has been made, and that such determination will be made by the Court.

The 2018 version of the Sentencing Guidelines has been used by the parties to make the

stipulations set forth below.

A.     Counts One, uses U.S.S.G.§2G1.1 which sets the base offense level at 32.

B.     Four levels are added because the victim younger than 12 years of age.
U.S.S.G.§2G1.1(b)(1)(A).

C.     Two levels are added because the defendant knowingly engaged in distribution.
U.S.S.G.§2G1.1(b)(3).

D.     Subtotal – 38.

E.     Five levels are added because the defendant engaged in a pattern of activity
involving prohibited sexual conduct and is a repeat and dangerous sex offender
against minors.  U.S.S.G. §5B1.(b)(1).

F.     Subtotal – 43.

G.     Acceptance of Responsibility:  To date, the defendant has demonstrated a

recognition and affirmative acceptance of personal responsibility for the defendant's criminal

conduct.  Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of

guilty to the criminal conduct noted in this agreement [and the defendant's agreement to

13

cooperate in and not to contest the forfeiture of the property described above], the Government agrees that the defendant should receive a two (2) level reduction *provided* the defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing. The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently. After the Defendant enters a plea of guilty, the Government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level. The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

H.    Final Offense Level:  40

### Part 8:  Waiver of Right to Appeal

27.    **Direct Appeal:**  The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined.  Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant expressly waives the defendant's right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742.  The defendant further expressly waives any and all challenges to the statute to which the defendant is pleading guilty on constitutional grounds, as well as any challenge that the defendant's admitted conduct does not fall within the scope of the applicable statute. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions of supervised release and the amount of any fine.

28.    **Later Legal Challenges:**  Additionally, the defendant expressly agrees not to

14

contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255, except as follows:

a.   **Ineffective Assistance of Counsel:**  As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

b.   **Retroactive Sentencing Guidelines Reductions:**  As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment. However, if the defendant files such a motion, the Government may oppose the motion on any other grounds.  Furthermore, should the defendant seek to appeal an adverse ruling of the district court on such a motion, this waiver bars such an appeal.

c.   **Motions for Compassionate Release:**  As concerns this Section 3582 waiver, the defendant reserves the right to file one (and only one) motion seeking a "compassionate release" sentence reduction pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and compelling reasons" established by the defendant and consistent with U.S.S.G. § 1B1.13 application note 1(A) & (C) (or, in the event of amendment of those U.S.S.G.

15

provisions, the provisions, if any, with the same effect at the time of the filing

of the motion for sentence reduction).  However, the defendant waives any

right to file more than one motion on that basis.  This waiver also bars an

appeal from the District Court's decision regarding that motion.  The

government further reserves the right to oppose any motion for compassionate

release on any other grounds.

29.   **No Appeal of Supervised Release Term and Conditions:**  The defendant

waives the right to appeal the length and conditions of the period of supervised

release.

**Part 9:  Presentence Investigation Report**

30.   The defendant requests and consents to the commencement of a presentence

investigation by probation officers of the United States District Court for purposes of preparing a

Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

31.   The defendant further requests and consents to the review of the defendant's

Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the

Government at any time, including prior to entry of a formal plea of guilty.

**Part 10:  Immigration Consequences**

32.   The defendant recognizes that pleading guilty may have consequences with

respect to the defendant's immigration status if the defendant is not a citizen of the United States.

Under federal law, a broad range of crimes are removable offenses, including the offenses to

which the defendant is pleading guilty.  The defendant also recognizes that removal will not

occur until service of any sentence imposed in this case has been completed.  Removal and other

immigration consequences are the subject of a separate proceeding, however, and the defendant

16

understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's removal from the United States.

### Part 11:  Statement of the Defendant

**33.**    By signing this document, the defendant acknowledges the following:

**a.**    I have received a copy of the Indictment and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment/Information in open Court, and all further proceedings including my arraignment.

**b.**    I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

**c.**    I have read the entire Plea Agreement and discussed it with my attorney.

**d.**    I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

**e.**    Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a

17

lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty." I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

      **f.**     I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

      **g.**     I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

      **h.**     I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

      **i.**     I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

      **j.**     My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

**k.** My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

**l.** If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty Plea Agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

**Part 12:  Certificate of Counsel**

**34.** By signing this document, the defendant's attorney and counselor certifies as follows:

**a.** I have read and fully explained to the defendant all the accusations against the Defendant which are set forth in the Indictment in this case;

**b.** To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

**c.** The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

**d.** In my opinion, the defendant's waiver of all reading of the Indictment

19

in open Court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

        **e.**    In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

### Part 13:  Final Provision

35.     **Complete Agreement:**  The defendant acknowledges that no threats, promises, or

representations have been made, nor agreements reached, other than those set forth in this

document, to induce the defendant to plead guilty.  This document is the complete and only Plea

Agreement between the defendant and the United States Attorney for the Southern District of

Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior

understandings, if any, whether written or oral, and cannot be modified except in writing, signed

by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

ZACHARY MYERS
United States Attorney

3/3/ 23
DATE

Bradley P. Shepard
Senior Litigation Counsel

3/3/23
DATE

Nicholas J. Linder
Criminal Chief

March 3, 2023
DATE

Matthew Hostetler
Matthew Hostetler
Defendant

March 3, 2023
DATE

William H. Dazey
William H. Dazey, Jr.
Counsel for Defendant

21