UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cr-00138-JRS-TAB |
| | ) | |
| MATTHEW HOSTETLER, | ) | -01 |
| | ) | |
| Defendant. | ) | |

## ENTRY FOR AUGUST 1, 2023

On this date, Defendant, Matthew Hostetler, appeared in person and by counsel, William Dazey, Jr., for a change of plea and sentencing hearing. The Government appeared by counsel, Bradley Shepard. Kristine Talley appeared on behalf of the United States Probation Office. The hearing was recorded by Court Reporter, Laurie Morgan.

After placing the Defendant under oath, the Court inquired of the Defendant whether the Defendant understood the rights that the Defendant would relinquish if the Court accepted the Defendant's plea of guilty to Count 1 of the Indictment, and the Defendant responded affirmatively. Evidence of a factual basis for the plea was heard and was accepted of record. The Court also conducted additional inquiry of the Defendant, and as a result of the information and testimony provided at the hearing the Court was satisfied that:

- the Defendant was fully competent and able to enter an informed plea,
- the Defendant's plea was being made knowingly and voluntarily,
- the plea was supported by an independent basis in fact containing each of the essential elements of the offense charged.

The Court accepted the Petition to Enter a Plea of Guilty, and the Defendant's subsequent plea of guilty pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The Court adjudged the Defendant guilty.

The parties were heard with respect to the sentence and application of the Sentencing Guidelines.

Pursuant to the Sentencing Reform Act of 1984, Sentence was imposed as stated on the record, including:

- <u>Special Assessment:</u> $100.00.
- <u>JVTA Assessment:</u> $0.00.
- <u>AVAA Assessment:</u> $10.00.
- <u>Incarceration:</u> 300 months. The Court recommends placement as close to Titusville, FL at the lowest security level deemed appropriate, in a facility that can accommodate sex offender programming. The Court further recommends sex offender treatment, a mental health evaluation and treatment, anger management classes, educational programming, vocational training, prison industries, and the STAGES program provided sex offender treatment takes precedence.
- <u>Supervised Release:</u> 30 years.
- <u>Fine:</u> $0.00.
- <u>Forfeiture:</u> The defendant shall forfeit to the United States all electronic devices seized in the investigation for this case.
- <u>Restitution:</u> $3,000.00 to the victim, interest waived. If declined by victim, funds shall go to AVAA.

Payment is to be made directly to the Clerk, U.S. District Court, for disbursement to the victim. The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid. Any unpaid restitution balance shall be paid during the term of supervision at a rate of not less than 10% of the defendant's gross monthly income. The Court finds that the defendant does not have the ability to pay interest and waives the interest requirement. The defendant

shall notify the probation officer of any material change in economic circumstances that might affect his ability to pay restitution.

By reference to the PSR, and after the Defendant waived formal reading, the Court advised the Defendant that while he is on supervised release, he is to comply with the following conditions:

- You shall not commit another federal, state or local crime.
- You shall not unlawfully possess a controlled substance. You shall refrain from any unlawful use of a controlled substance. You shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter (unless waived).
- You shall cooperate with the collection of DNA as directed by the probation officer.
- You shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.)
- You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.
- You shall report to the probation office in the federal judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.
- You shall not knowingly leave the federal judicial district where you are being supervised without the permission of the supervising court/probation officer.
- You shall report to the probation officer in a manner and frequency directed by the court or probation officer.
- You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.
- You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.
- You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.
- You shall permit a probation officer to visit you at a reasonable time at home or another place where the officer may legitimately enter by right

or consent and shall permit confiscation of any contraband observed in plain view of the probation officer.
- You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.
- You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.
- You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.
- You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
- As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.
- You shall not incur new credit charges, or open additional lines of credit without the approval of the probation officer.
- All employment shall be approved in advance by the probation officer.
- You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.
- You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.
- You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above.
- You shall not engage in any meetings, communications, activities, or visits with the victim, "Lola."

- You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.
- You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.
- You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.
- You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.
- You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.
- You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.
- You shall pay the costs associated with the following imposed condition of supervised release, to the extent you are financially able to pay:

mental health treatment. The probation officer shall determine your ability to pay and any schedule of payment.

The Defendant shall pay to the United States a special assessment of $100.00. Payment of the special assessment and AVAA assessment shall be due immediately and is to be made directly to the Clerk, U.S. District Court.

The Government orally moved to dismiss Counts 2 - 4 of the Indictment. The Court **GRANTED** said motion and Counts 2 - 4 of the Indictment are **DISMISSED.**

The Defendant was remanded to the custody of the U.S. Marshal.

The proceedings were adjourned.

Date: 08/01/2023

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution to all counsel of record via CM/ECF.